## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                               Case No. 22-cr-203 (ADM/TNL)

                Plaintiff,

v.                                                                      **ORDER**

Freddy Rivera (1), and
Alejandro Ray Seals (2),

                Defendants.

Thomas M. Hollenhorst, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN (for the Government);

Bruce Rivers, Rivers Law Firm, P.A., 701 Fourth Avenue South, Suite 300, Minneapolis, MN 55415 (for Defendant Rivera); and

Jennifer Rose Congdon, Capitol City Law Group, 287 East Sixth Street, Suite 20, St. Paul, MN 55101 (for Defendant Seals).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on several pretrial motions. The United States of America (the "Government") has filed a Motion for Discovery, ECF No. 5. Defendant Freddy Rivera has filed the following motions:

1. Motion to Compel Identification of Confidential Informant(s), ECF No. 42;

2. Motion for Disclosure of Rule 404 Evidence, ECF No. 43;

3. Motion for Participation in Voir Dire, ECF No. 45;

4. Motion for Early Disclosure of Jencks Act Material, ECF No. 46;

1

5. Motion to Compel the Government's Attorney [to] Disclose Evidence Favorable to the Defendant, ECF No. 47;

6. Motion for Government Agents to Retain Rough Notes, ECF No. 48; and

7. Motion to Sequester Witnesses, ECF No. 50.

Defendant Alejandro Ray Seals has filed the following motions:

1. Motion to Retain Rough Notes and Evidence, ECF No. 29;

2. Motion for Disclosure of Rule 16(a)(1)(G) Materials, ECF No. 30;

3. Motion for Early Disclosure of Jencks Act Material, ECF No. 31;

4. Motion for Impeaching Information and Exculpatory Evidence, ECF No. 32;

5. Motion for Disclosure of K-9 Training Records, ECF No. 33;

6. Motion for Notice by the Government to Reply Upon Other Crimes Evidence, ECF No. 34;

7. Motion for Notice of Government's Intent to Use Residual Hearsay Exception Under Rule 807, ECF No. 35; and

8. Motion to Disclose Post-Conspiracy Statements of Co-Defendant or Co-Conspirators, ECF No. 36.

A hearing was held on March 2, 2023. ECF No. 61. Thomas Hollenhorst appeared on behalf of the Government; Bruce Rivers appeared on behalf of Rivera; and Jennifer Rose Congdon appeared on behalf of Seals.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery, ECF No. 5, is **GRANTED** and Seals's Motion for Disclosure of Rule 16(a)(1)(G) Materials, ECF No. 30, is **GRANTED**

**IN PART** and **DENIED IN PART**.

The Government's motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. At the hearing, Rivera and Seals had no objection to the Government's discovery requests. Tr. 5:7-19, 16:12-16, ECF No. 64.[1]

The parties seek the establishment of deadlines for the disclosure of any testimony the other intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C). At the hearing, the parties agreed to make their principal expert disclosures no later than 30 days before trial and any rebuttal expert disclosures no later than 10 days prior to trial. Tr. 5:20-6:5, 16:17-17:1.

Consistent with the parties' agreement, no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

2.    Rivera's Motion to Compel Identification of Confidential Informant(s), ECF No. 42, is **GRANTED IN PART** and **DENIED IN PART**.

Rivera requests that the Government be ordered "to disclose the identity of any confidential informants used in the investigation of this case." ECF No. 42 at 1. The Government states that it "will disclose to the defense the identities of any informants and cooperating witnesses whose information is material to the defense and will cooperate

---

[1] The Court notes that, although the transcript of the motions hearing has been temporarily sealed to allow for the process of redacting any personal identifiers, *see generally* D. Minn. LR 5.5, any notice of intent to request redaction was due March 27, 2023, and no such notice was filed. ECF No. 64.

with the defense in making them available for interview." Gov't's Resp. at 1-2, ECF No. 54. The Government proposes making this disclosure "three weeks prior to trial." Gov't's Resp. at 2. At the hearing, Rivera was agreeable to the Government's proposed timeline. Tr. 6:6-19.

"In *Roviaro v. United States*, the Supreme Court recognized the government's privilege to withhold the identity of a confidential informant." *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (citing 353 U.S. 53, 59 (1957)). In determining whether disclosure of an informant's identity is required, "the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001).

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (emphasis added) (footnote omitted). "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *accord United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense." (quotations omitted)); *Alcantar*, 271 F.3d at 739 (government had no obligation to reveal informant's identity where informant did not participate in crime charged or testify at trial).

4

Rivera bears the burden of showing beyond mere speculation that the disclosure of an informant would be material and helpful to his case. *United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006); *Alcantar*, 271 F.3d at 739. If a trial court orders disclosure absent a showing of materiality, it abuses its discretion." *United States v. Bias*, No. 17-cr-318(06) (SRN/FLN), 2018 WL 3336770, at *2 (D. Minn. July 6, 2018).

Rivera's motion is granted to the extent that the Government shall disclose the identities of any informants and cooperating witnesses whose information is material and helpful to the defense no later than three weeks before trial. Rivera's motion is otherwise denied.

3.    Rivera's Motion for Disclosure of Rule 404 Evidence, ECF No. 43, and Seals's Motion for Notice by the Government of Intent to Rely Upon Other Crimes Evidence, ECF No. 34, are **GRANTED IN PART** and **DENIED IN PART**.

Rivera and Seals each seek the disclosure of "any 'bad act' or 'similar course of conduct' evidence'" the Government intends to introduce at trial under Rule 404(b) of the Federal Rules of Evidence, including "the witnesses through whom such evidence will be presented at trial." ECF No. 43 at 1; *see* ECF No. 34 at 1. Rivera seeks the immediate disclosure of such evidence and Seals requests disclosure at least 60 days prior to trial. ECF No. 43 at 1; ECF No. 34 at 2. The Government states that it "will fully comply with the notice requirements of Rule 404(b) of the Federal Rules of Evidence and will disclose any Rule 404(b) evidence within three weeks of trial." Gov't Resp. at 2; *accord* Gov't Resp. at 5. At the hearing, the parties were in agreement with the Government's proposed timeline. Tr. 6:20-7:2, 19:12-23.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing).  The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).  Rule 404(b) does not, however, require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16."  Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971).

 Further, "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ."  *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010).  It does not apply to intrinsic evidence.  *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence.").  "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred."  *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

No later than three weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the

Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C). The motions are otherwise denied. With respect to Seals's request "for leave to file motions for suppression and/or motion in limine as indicated by the Government's response and a review of the relevant material," the denial is without prejudice. ECF No. 34 at 3.

4.    Rivera's Motion for Participation in Voir Dire, ECF No. 45, is **DENIED WITHOUT PREJUDICE**. Rivera requests that his counsel be permitted to participate in voir dire. "Jury voir dire is an aspect of trial procedure and management that is entirely within the discretion of the trial court." *United States v. Crown*, No. 07-cr-4313 (PJS/AJB), 2008 WL 783405, at *3 (D. Minn. Mar. 24, 2008); *accord United States v. Moore*, No. 19-cr-306 (ADM/BRT), 2020 WL 729298, at *4 (D. Minn. Feb. 13, 2020); *see United States v. Dukes*, No. 15-cr-165(14) (JRT/LIB), 2015 WL 10382395, at *7 ("Counsel's participation in voir dire is a matter for the trial judge shortly before trial.") (D. Minn. Nov. 10, 2015), *report and recommendation adopted*, 2016 WL 829902 (D. Minn. Mar. 1, 2016). Accordingly, Rivera's motion is denied without prejudice. *United States v. Jaunich*, No. 07-cr-328 (PAM/JSM), 2008 WL 114897, at *1 (D. Minn. Jan. 10, 2008) (motion for counsel to participate in voir dire should have been denied without prejudice "leaving the final decision on the participation of counsel in voir dire" to the

7

district court).

5.      Rivera's Motion for Early Disclosure of Jencks Act Material, ECF No. 46, and Seals's Motion for Early Disclosure of Jencks Act Material, ECF No. 31, are **DENIED**.

Rivera and Seals each seek early disclosure of Jencks Act materials.  Rivera requests that such materials be disclosed at least 7 days prior to trial and Seals requests 14 days.  ECF No. 46 at 1; ECF No. 31 at 1.  The Government objects to any order requiring early disclosure of Jencks Act materials.  Gov't Resp. at 2, 5.  Initially, the Government proposed voluntarily disclosing such materials "three business days prior to trial." Gov't Resp. at 2; *accord* Gov't Resp. at 5.  At the hearing, the Government was agreeable to voluntarily disclosing Jencks Act materials "seven days" prior to trial.  Tr. 10:16-22, 17:15-23.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so."  *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996).  Rivera and Seals's requests for early disclosure of Jencks Act materials

are therefore denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than seven days before trial as proposed by the Government.

6.    Rivera's Motion to Compel the Government's Attorney [to] Disclose Evidence Favorable to the Defendant, ECF No. 47, is **GRANTED**, and Seals's Motion for Impeaching Information and Exculpatory Evidence, ECF No. 32, is **GRANTED IN PART** and **DENIED IN PART**.

Rivera moves for an order compelling "the Government to disclose evidence favorable to [him]." ECF No. 47 at 1. Seals similarly seeks impeachment information and exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), among other authorities. The Government states that it "will fully comply with its discovery obligations under *Brady* and *Giglio* and will disclose any evidence favorable to the defendant[s]." Gov't Resp. at 3; *accord* Gov't Resp. at 5.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913,

9

930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753.  "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted).  The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)).  "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Rivera's motion is granted and Seals's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 materials.  *See United States v. Mazzulla*, 952 F.3d 1091, 1100 (8th Cir. 2019).  If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.  To the extent Seals seeks discovery and disclosures outside the Government's obligations or seeks materials that have already been produced, his motion is denied.  *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000).

7.    Rivera's Motion for Government Agents to Retain Rough Notes, ECF No. 48, and Seals's Motion to Retain Rough Notes and Evidence, ECF No. 29, are **GRANTED**.

Rivera moves

> for an Order requiring all government law enforcement officers and agents, including but not limited to, confidential informants, if any, who investigated the charges in this case, to retain and preserve all rough notes taken as part of their investigation, whether or not the contents of such rough notes are incorporated in official records.

ECF No. 48 at 1.  Seals similarly seeks the retention and preservation of rough notes as well as the preservation of "evidence seized in the course of the[] investigation."  ECF No. 29 at 1.  The Government states that it "has instructed its officers and agents to retain their rough notes and any evidence concerning this investigation."  Gov't's Resp. at 4; *see* Gov't's Resp. at 3.

Rivera and Seals's requests for the retention and preservation of all rough notes and evidence are granted.  To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes and evidence pertaining to this matter.

8.    Rivera's Motion to Sequester Witnesses, ECF No. 50, is **DENIED WITHOUT PREJUDICE**.  Rivera moves for the sequestration of witnesses at trial pursuant to Federal Rule of Evidence 615.  *See* Tr. 11:13-22 (Rivera clarifying sequestration request is for trial only, not motions hearing; *see also* Tr. 11:23-12:2 (Seals not seeking sequestration for motions hearing); *cf.* Tr. 21:11-17.  Rivera's request is denied without prejudice to be addressed at trial subject to the trial procedure and

management practices of the presiding district judge.

    9.    Seals's Motion for Disclosure of K-9 Training Records, ECF No. 33, is

**GRANTED IN PART** and **DENIED IN PART AS MOOT**.

    Seals moves for an order directing disclosure of

> the training records, training methods and field results and
> records of the K-9 (Alma) as well as State Patrol Trooper
> Patrick Beuning, the standard operating procedures for
> conducting a K-9 sniff search, and any other records and
> information that will allow [Seals] to assess the reliability of
> K-9 Alma and Trooper Buening's assessment of the K-9's
> cues.

ECF No. 33 at 1.  The Government responds that it

> will attempt to obtain and provide to the defense any
> documents and records within the possession of the
> Minnesota State Police [sic] concerning the drug detection
> dog used in connection with this investigation, with the
> exception of any law enforcement sensitive materials such as
> the names of any past or present targets and subjects.

Gov't's Resp. at 5.  At the hearing, the Government represented that it had "obtained and

provided to the defense all documents that we're aware of concerning the dog training."

Tr. 18:13-25.

    "An alert or indication by a properly trained and reliable drug dog provides

probable cause . . . for the search of a vehicle."  *United States v. Rederick*, 65 F.4th 961,

967 (8th Cir. 2023) (quotation omitted); *see, e.g.*, *United States v. Tuton*, 893 F.3d 562,

570 (8th Cir. 2018); *United States v. Winters*, 600 F.3d 963, 967 (8th Cir. 2010); *United*

*States v. Hogan*, 539 F.3d 916, 921 (8th Cir. 2008); *United States v. Donnelly*, 475 F.3d

946, 955 (8th Cir. 2007).  "A drug detection dog is considered reliable when it has been

trained and certified to detect drugs." *Winters*, 600 F.3d at 967 (quotation omitted); *accord Rederick*, 65 F.4th at 967. "In determining whether a dog's alert establishes probable cause to search an area, the inquiry is 'whether all the facts surrounding a dog's alert, viewed through the lens of common sense, would make a reasonably prudent person think that a search would reveal contraband or evidence of a crime.'" *Tuton*, 893 F.3d at 507 (quoting *Florida v. Harris*, 568 U.S. 237, 248 (2013)); *United States v. Holleman*, 743 F.3d 1152, 1157 (8th Cir. 2014); *see Rederick*, 65 F.4th at 967; *Winters*, 600 F.3d at 968.

"[E]vidence of a dog's satisfactory performance in a certification or training program can itself provide sufficient reason to trust his alert." *Harris*, 568 U.S. at 246; *accord Tuton*, 893 F.3d at 570; *Holleman*, 743 F.3d at 1157.

> If a bona fide organization has certified a dog after testing his reliability in a controlled setting, a court can presume (subject to any conflicting evidence offered) that the dog's alert provides probable cause to search. The same is true, even in the absence of formal certification, if the dog has recently and successfully completed a training program that evaluated his proficiency in locating drugs.

*Harris*, 568 U.S. at 246-47; *accord Rederick*, 65 F.4th at 967. In *Harris*, the Supreme Court stated that

> [a] defendant . . . must have an opportunity to challenge such evidence of a dog's reliability, whether by cross-examining the testifying officer or by introducing his own fact or expert witnesses. The defendant, for example, may contest the adequacy of a certification or training program, perhaps asserting that its standards are too lax or its methods faulty. So too, the defendant may examine how the dog (or handler) performed in the assessments made in those settings.

568 U.S. at 247; *cf. Winters*, 600 F.3d at 967 ("Contrary evidence that may detract from the reliability of the dog's performance properly goes to the credibility of the dog . . . ." (quotation omitted)).

Seals's motion is denied as moot as to materials that have already been produced. Seals's motion is granted in part to the extent that, if the Government subsequently discovers additional materials, it shall disclose such materials as soon as practicable after such discovery.

10.    Seals's Motion for Notice of Government's Intent to Use Residual Hearsay Exception Under Rule 807, ECF No. 35, is **GRANTED IN PART** and **DENIED IN PART**.

Pursuant to Federal Rule of Evidence 807, Seals requests that the Government give notice at least 60 days before trial of its intent to offer any statement under the residual hearsay exception, "including the name and address of the declarant." ECF No. 35 at 2. The Government states that it "will fully comply with the notice requirements of Rule 807." Gov't Resp. at 5. At the hearing, the Government proposed disclosure three weeks prior to trial, which was acceptable to Seals. Tr. 19:24-20:11.

Rule 807 provides that a residual hearsay "statement is admissible only if the proponent gives an adverse party reasonable notice of the intent to offer the statement— including its substance and the declarant's name—so that the party has a fair opportunity to meet it." Fed. R. Evid. 807(b). "The notice must be provided in writing before the trial or hearing—or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice." *Id.*

Seals's motion is granted in part to the extent that the Government shall comply fully with its obligations under Federal Rule of Evidence 807 and provide notice and the required disclosures no later than three weeks prior to trial. To the extent Seals seeks disclosures outside the Government's obligations, his motion is denied. *See Johnson*, 228 F.3d at 924.

11. Seals's Motion to Disclose Post-Conspiracy Statements of Co-Defendant or Co-Conspirators, ECF No. 36, is **DENIED IN PART** to the extent Seals seeks disclosure under Federal Rule of Criminal Procedure 16 and is **DENIED WITHOUT PREJUDICE IN PART** as premature to the extent Seals seeks relief under *Bruton v. United States*, 391 U.S. 123 (1968).

Pursuant to Rule 16 and under *Bruton* and its progeny, Seals seek an order compelling the Government "to give notice and disclosure of intent to use or refer to, or introduce at trial the statement(s) or confession(s) of any co-defendant or unindicted co-conspirator" and for "leave to file motions for suppression and/or motions in limine" based on those disclosures. ECF No. 36 at 1.

The Government objects to "the disclosure of the post-conspiracy statements of the co-defendant and co-conspirators." Gov't Resp. at 6. The Government states that it "has complied, and will continue to comply, with all of its discovery obligations under the Federal Rules of Criminal Procedure and applicable case law" and argues that Seals "cites no applicable legal authority for the proposition that [it] must disclose the post-conspiracy statements of co-defendants and co-conspirators other than through its discovery obligations pursuant to the Jencks Act and under *Giglio* and *Brady*." Gov't

15

Resp. at 5, 6.  The Government reaffirms that, should it "call[] any of these people as witnesses at trial, it will provide to the defense all *Giglio* and Jencks Act materials" pertaining to the witness.  Gov't Resp. at 6.

Rule 16 "does not cover testimony by a government witness as to an oral statement by a conspirator in the course of the conspiracy.  It covers oral statements made by a defendant 'in response to interrogation by any person then known to the defendant to be a government agent.'"  *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990) (quoting *United States v. Vitale*, 728 F.2d 1090, 1093-94 (8th Cir. 1984)).  Rule 16 "stresses that only 'statements made by the defendant' are discoverable."  *United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992). Therefore, the Court denies Seals's motion insofar as it seeks pretrial disclosure of statements or confessions of any co-defendant or unindicted co-conspirator pursuant to Rule 16.

*Bruton* held that the admission of an incriminating statement by a non-testifying co-defendant at a joint trial violates the defendant's rights under the Confrontation Clause.  391 U.S. at 137; *United States v. Singh*, 494 F.3d 653, 658 (8th Cir. 2007). "*Bruton*, however, does not preclude the admission of otherwise admissible statements by a co-conspirator under Rule 801(d)(2)(E)."  *Singh*, 494 F.3d at 658 (citing *United States v. Mickelson*, 378 F.3d 810, 819 (8th Cir. 2004) ("However, when the statements are those of a co-conspirator and are admissible under Federal Rule of Evidence 801(d)(2)(E), the Sixth Amendment and *Bruton* are not implicated.")).  Therefore, "co-conspirators' statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore, do not violate the

16

Confrontation Clause as interpreted by the Supreme Court." *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 51-54 (2004)); *see United States v. Lee*, 374 F.3d 637, 644 (8th Cir. 2004) (applying *Crawford* in holding that casual statements to an acquaintance, statements to a co-conspirator, and business records are not testimonial).

At this juncture, it is not clear what evidence the Government will actually seek to introduce at trial and whether any *Bruton* issues will in fact arise. *See United States v. Needham*, No. 12-cr-206(5) (DWF/LIB), 2012 WL 6755386, at *4 (D. Minn. Dec. 10, 2012), *report and recommendation adopted*, 2013 WL 25213 (D. Minn. Jan. 2, 2013); *United States v. Billups*, 442 F. Supp. 2d 697, 706 (D. Minn. 2006). These types of evidentiary issues, and any appropriate responsive measures, are matters best left to the sound discretion of the district court at trial.

To the extent post-conspiracy statements of any co-defendant or unindicted co-conspirators are discoverable under *Brady*, the Jencks Act, or some other authority, the Court expects the Government will honor its disclosure obligations. *See United States v. Abari*, No. 19-cr-103 (MJD/ECW), 2019 WL 2417711, at *1 (D. Minn. June 10, 2019); *United States v. Perez*, No. 16-cr-154(4) (ADM/BRT), 2018 WL 3000336, at *2 (D. Minn. June 15, 2018). Seals's request for leave to file motions related to any *Bruton* issues, however, is premature and denied without prejudice.

12.     All prior consistent orders remain in full force and effect.


[Continued on next page.]

13.    Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.


Date: May____23____, 2023                    _____s/ Tony N. Leung_____
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             District of Minnesota


                                             *United States v. Rivera et al.*
                                             Case No. 22-cr-203 (ADM/TNL)